**Kaufman Lieb Lebowitz & Frick**
attorneys at law

(212) 660-2332
18 E. 48th St., Suite 802
New York, NY 10017
www.kllf-law.com

**MEMO ENDORSED**

December 22, 2023

**By ECF**

Hon. Dale E. Ho
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Lev-Ary v. Manhattan Fertility Services, LLC et al.*, 23 Civ. 5504 (DEH)

Dear Judge Ho:

      This firm represents Plaintiff in this matter. We write pursuant to Local Civil Rule 37.2 and Your Honor's Individual Rules to respectfully request a pre-motion conference regarding Defendants' failure to timely provide discovery.

      Plaintiff served her first set of interrogatories and document requests on all Defendants on November 3, 2023. Defendants' deadline to respond—December 3—came and went with no responses from either Defendant. In addition, Defendant Advanced Fertility Services ("AFS") failed to provide Plaintiff with initial disclosures pursuant to Federal Rule of Civil Procedure 26(a), ignoring the court-ordered November 10, 2023 deadline. ECF No. 31.

      On Friday, December 15, we emailed Defendants' counsel to state that their discovery responses were two weeks late and that if Plaintiff did not receive responses by early the following week, we would seek remedies from this Court. **Ex. A.** We also reminded AFS that its Rule 26 disclosures were more than a month late. In response, counsel for AFS provided a one-page, unsigned Word document. Rather than identifying a single witness, AFS "disclosed," pursuant to Rule 26(a)(1)(A)(i), the following:

> Defendant is not aware of any witnesses likely to have discoverable information other than the named parties, and the respective employees thereto. Defendant reserves the right to supplement this response upon the discovery of additional witnesses.

**Ex. B.** We responded that the disclosure was patently deficient, and asked AFS to provide the information required by the Rule (specifically, and at the very least, the *names* of employees with discoverable information). **Ex. A**.

      By Tuesday, December 19, neither Defendant had responded to Plaintiffs' demand for discovery responses, nor had AFS supplemented its Rule 26 disclosures. That evening, Plaintiff's

Kaufman Lieb Lebowitz & Frick  December 22, 2023
Page 2 of 2

counsel emailed Defendants' counsel to ask for a meet-and-confer within two business days, pursuant to Your Honor's individual rules. *Id*.

On December 21, counsel met and conferred. Defendants acknowledged that they had not responded to Plaintiffs' discovery requests and suggested that they would be able to do so by January 5. Counsel for AFS indicated that it would update its Rule 26 disclosures within the week. Plaintiff requested that all overdue discovery be provided by January 2.

At this point, discovery has been delayed by more than a full month. Plaintiff cannot schedule depositions—or move forward substantively at all—without discovery responses, documents, and the identification of relevant witnesses.

We ask that the Court issue an order (i) compelling Defendants to respond to Plaintiffs' discovery requests and begin producing all responsive information by January 5, 2024; (ii) providing a date shortly thereafter by which parties must complete document discovery; (iii) precluding Defendants from relying on witnesses if they are not disclosed appropriately and in a timely manner; and (iii) deeming any objections to Plaintiffs' discovery requests waived; or providing other appropriate relief. We also may require an extension of fact discovery, which is currently set to close on March 7, 2024.

We thank the Court for its attention to this matter.

Respectfully submitted,

Alison Frick
Pooja Shivaprasad

CC: All Counsel via ECF

Application **DENIED,** without prejudice to renewal.  In letters dated December 28, 2023, and December 29, 2023, Defendants represented that they had served complete and full responses to Plaintiff's request for production and interrogatories (Advanced Fertility Services) or that they had served responses to Plaintiff's request for production, which they may supplement (Manhattan Fertility Services, Legacy IVF).  Accordingly, Plaintiff's request is moot.  In the event that document production is not complete as described in Defendants' letters, Plaintiff may renew her request.  The parties shall work diligently to complete discovery by previously-ordered timelines.  So Ordered.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 36.

Dale E. Ho  Dated: January 3, 2024
United States District Judge  New York, New York