

**Kaufman
Lieb
Lebowitz &
Frick**
attorneys at law

(212) 660-2332
18 E. 48th St., Suite 802
New York, NY 10017
www.kllf-law.com

January 6, 2025

**Via ECF**

Hon. Dale E Ho
Daniel Patrick Moynihan
United States Courthouse
40 Foley Square
New York, NY 10007

     Re:    *Lev-Ary v. Manhattan Fertility Services, LLC, et al.*, 23 Civ. 5504 (DEH)

Your Honor,

This firm represents Plaintiff Larisa Lev-Ary. We write pursuant to Your Honor's Individual Rule 6(d)(ii) requesting an order that Defendant Advanced Fertility Services ("AFS") remove the exhibit at ECF No. 80-11 to its motion for summary judgment and re-file the first five pages of the exhibit (Bates AFS 001-5) under seal, as they contain Plaintiff's private medical information.

Plaintiff brought this suit against Defendants for their failure to properly freeze, store, and maintain her reproductive tissue, resulting in its degeneration and non-viability. On December 9, 2024, Defendants filed motions for summary judgment. ECF No. 80-11 is a thirty-nine-page exhibit to AFS's motion for summary judgment, containing a wide variety of different documents. The first five pages of the exhibit contain Plaintiff's private medical documents. While Ms. Lev-Ary's personally identifying information, such as her date of birth and social security number are redacted, other sensitive medical information remains open to the public. After we brought this issue to Ms. Lev-Ary's attention, she informed us that these redactions were insufficient to protect her privacy, and she sought to remove her medical records from public view. On January 2, 2025, we emailed counsel for AFS and asked them to remove Ms. Lev-Ary's medical records from the public docket and re-file them under seal. Counsel did not respond.[1] As such, we request the assistance of the Court.

Despite the presumption of public access to judicial documents, courts frequently allow medical records to be filed under seal, identifying an individual's privacy interest in their medical information as a "compelling countervailing interest." *Deide v. Day*, 23 Civ. 3954, 2023 WL 8602879, at *1-2 (S.D.N.Y. Dec. 11, 2023). In fact, Your Honor's Individual Rule (6)(b) presumptively allows parties to redact and file medical records under seal without seeking leave of the Court because they contain sensitive information. Likewise, a request to seal medical records is particularly appropriate

---

[1] We reached out to counsel for AFS again via phone on January 6, 2025, with no response.

Alanna Kaufman*  •  Douglas E. Lieb‡  •  David A. Lebowitz  •  Alison Frick*

Alyssa Isidoridy • Pooja Shivaprasad • Kyla Magun

*Also admitted to practice in New Jersey  ‡Also admitted to practice in California and Connecticut

where it is "narrowly tailored" and does not seek to withhold non-sensitive information. *Deide* at *2. Here, Plaintiff seeks to seal only the first five pages of ECF No. 80-11, which contain highly sensitive medical information including descriptions of Plaintiff's medical procedures, her billing information, and the details of her oocyte retrieval.

Given the appropriately tailored request and Ms. Lev-Ary's privacy interests in her medical information, we respectfully request the Court to order that ECF No. 80-11 be removed from the public docket so that AFS can re-file the exhibit with the first five pages (Bates AFS 001-5) of the document under seal.

We thank the Court for its time and attention.

Respectfully,

Pooja Shivaprasad
Alison Frick

Application **GRANTED**.  The document at issue here is "relevant to the performance of the judicial function and useful in the judicial process," *Lugosch v. Pyramic Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), insofar as it was filed in connection with Defendant Advanced Fertility Services's pending Motion for Summary Judgment, ECF No. 80.  That said, though it is a "judicial document" to which "a common law of presumption of access attaches," *Lugosch*, 435 F.3d at 119, and though the presumption of access is relatively high given that the document was filed in support of a motion for summary judgment, *see Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019), the "[d]ocument[] may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest," *Lugosch*, 435 F.3d at 120.  Here, the first five pages of ECF No. 80-11 contain detailed information about Plaintiff--namely, her address and specific, sensitive records about her medical history.  Shielding a party's medical records is a "higher value" warranting sealing; "there is a recognized privacy interest in medical records." *United States v. Sattar*, 471 F. Supp. 2d 380, 387 (S.D.N.Y. 2006). "[C]ourts in this Circuit routinely seal medical records, without sealing the entire case, to protect the plaintiff's privacy interest in those records." *Dabri v. Fed'n of States Med. Bds. of the U.S., Inc.*, No. 08 Civ. 4718, 2023 WL 3741978, at *3 (E.D.N.Y. May 31, 2023) (citing *Toolasprashad v. Toolasprashad*, No. 21 Civ. 4672, 2021 WL 4949121, at *3 (E.D.N.Y. Oct. 25, 2021) (collecting cases)).  Therefore, Plaintiff's application is granted.  The Clerk of Court is respectfully directed to restrict access to ECF No. 80-11 to case participants.  **By April 30, 2025**, Defendant Advanced Fertility Services shall refile ECF No. 80-11 on the public docket with the first five pages of the document redacted.  SO ORDERED.

Dated: April 23, 2025
New York, New York

Dale E. Ho
United States District Judge