UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LARISA LEV-ARY,

                    Plaintiff,

          v.

MANHATTAN FERTILITY SERVICES LLC
et al.,

                    Defendants.

23 Civ. 5504 (DEH)

**MEMORANDUM
OPINION AND ORDER**

DALE E. HO, United States District Judge:

Before the Court is Plaintiff Larisa Lev-Ary's Motion for Reconsideration of this Court's Opinion and Order granting in part and denying in part Defendant's motions for summary judgment (the "Summary Judgment Order"), ECF No. 102, to the extent that the Order granted summary judgment to Defendants Manhattan Fertility Services LLC and Legacy IVF LLC (together, "MFS") on Ms. Lev-Ary's bailment claim. See Motion for Reconsideration, ECF No. 107. For the reasons stated below, Lev-Ary's Motion for Reconsideration is **GRANTED**.

## LEGAL STANDARD

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).[1] "[T]he . . . standard for a district court to grant such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked and might reasonably be expected to alter the conclusion reached by the court." *Smith v. CVS Albany, LLC*,

---

[1] All references to Rules, unless otherwise stated, are to the Local Civil Rules of the Southern and Eastern Districts of New York. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

No. 20 Civ. 4000, 2022 WL 3022526, at *1 (2d Cir. Aug. 1, 2022). Courts also grant reconsideration to "correct a clear error or prevent manifest injustice." *Schoolcraft v. City of New York*, 298 F.R.D. 134, 136 (S.D.N.Y. 2014). That said, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021).

## DISCUSSION

Ms. Lev-Ary brings claims against Advanced Fertility Services, P.C. ("AFS") and MFS. The underlying facts are set forth in the Summary Judgment Order at 2-5, familiarity with which is presumed. Accordingly, the Court briefly recounts only those facts that are necessary to follow this Opinion. In short, Ms. Lev-Ary underwent a medical procedure to have her immature eggs—known as oocytes—extracted and stored. AFS retrieved her oocytes in 2014 and stored them for a period of time, until around January 2016, when responsibility was transferred to MFS. It was later determined that the oocytes were nonviable. On motions for summary judgment, this Court, among other things, denied summary judgment as to Ms. Lev-Ary's negligence claims against Defendants, but granted summary judgment as to her bailment claim against MFS.

Ms. Lev-Ary now moves to reconsider the latter ruling, arguing that the Court "failed to consider evidence or binding authority." *Van Buskirk*, 935 F.3d at 54. Specifically, she argues that, in granting summary judgment to MFS on her bailment claim, the Court failed to consider the Second Circuit's decision in *Henry v. Daytop Vill., Inc.*, 42 F.3d 89, 94-95 (2d Cir. 1994), which held that a plaintiff may proceed on alternative theories of liability, even where the claims themselves or the factual bases for the claims are inconsistent. Here, this Court previously treated Plaintiff's negligence claims as inconsistent with her bailment claim, and granted summary

2

judgment as to the latter claim on essentially that basis. *See* Summary Judgment Order at 23-24. But in light of *Henry*, that determination appears to have been in error.

MFS responds by noting that, as the Court pointed out in its Summary Judgment Order, there is an inherent tension between Plaintiff's negligence claims—which proceed on a theory of alternative liability[2]—and her bailment claim against MFS. *See id.*; Def. MFS's Opp. to Pl.'s Mot. for Recons. ("MFS Opp.") at 3, ECF No. 112. That is because her alternative liability theory on her negligence claims would proceed by establishing that she had been injured by one of the defendants in this case, but that "there is uncertainty as to which one" actually caused the harm, *Silver v. Sportsstuff, Inc.*, 14 N.Y.S. 3d 421, 423 (App. Div. 2015); her bailment claim against MFS, on the other hand, would require her to show that her oocytes were viable when delivered to MFS by AFS in 2016 and that their destruction was due solely to conduct by MFS, which would necessarily imply that they were *not* destroyed by AFS during vitrification two years earlier in 2014. *See* MFS Opp. at 3.

MFS is correct that these two theories (alternative liability on negligence as to both Defendants, and bailment as to MFS) are ultimately incompatible. But under *Henry*, that fact is not prohibitive at this stage. In issuing the Summary Judgment Order, the Court was under the impression that, in pursuing her alternative liability theory on her negligence claims against the Defendants, Ms. Lev-Ary was *conceding* that it was impossible to determine which of the two Defendants in this case was responsible for the destruction of her oocytes. Such a concession

---

[22] The monikers are somewhat confusing here because of the different uses of the term "alternative theory." That is, Plaintiff proceeds on two different ("alternative") theories of liability as to which Defendant caused the destruction of her oocytes; meanwhile, one of her claims—her negligence claim—proceeds under an "alternative theory of liability" which, under New York law, allows a plaintiff to recover where it is established that one of the defendants caused an injury, but it is not possible to determine which one. *See Silver v. Sportsstuff, Inc.*, 14 N.Y.S. 3d 421, 423 (App. Div. 2015).

would in fact render judgment as a matter of law appropriate on her bailment claim. But upon review of the summary judgment papers, the Court now understands that its impression in this regard was in error. As her motion for reconsideration makes clear, Ms. Lev-Ary proceeds on two different theories of liability: "that AFS destroyed her eggs at the time of vitrification, in 2014, or that MFS destroyed her eggs by taking them out of the tank, in 2016." Pl.'s Mem. in Supp. of Mot. for Recons. ("Pl.'s Mem.") at 3, ECF No. 108 (citing Summary Judgment Order at 18). The alternative theory of liability on which her negligence claims are brought would allow her to recover merely by establishing that she was injured due to one of the Defendants' negligence, even if it is ultimately impossible to determine which. But that does not mean that she is conceding the latter condition at this point. Summary judgment is therefore not appropriate as to her bailment claim.

This conclusion is particularly warranted here because each Defendant may defend against Plaintiffs' negligence claim by arguing that her injuries were caused by the *other* Defendant. Put more concretely, a reasonable jury could determine that AFS was not negligent because it did not cause the destruction of Ms. Lev-Ary's oocytes—in which case, the oocytes would have been viable at the time that they were delivered to MFS, which could then be liable for both negligence and breach of bailment. The mere fact that Ms. Lev-Ary is pursuing an alternative theory of liability on her negligence claims against both Defendants, while also pursuing a breach of bailment claim against MFS, is not a basis for summary judgment on the latter claim.

## CONCLUSION

"[T]he Court's interest is in reaching the correct result and, to that end, takes no issue with revisiting [its prior] ruling." *Martinez v. Hyde*, 792 F. Supp. 3d 211, 214 (D. Mass. 2025). Here, for the reasons stated above, Ms. Lev-Ary's motion for Reconsideration is **GRANTED**. Upon reviewing the parties' summary judgment filings in light of the latest submissions from the parties and applicable guidance from the Second Circuit in *Henry*, the Court concludes that reconsideration of its prior ruling granting summary judgment on Ms. Lev-Ary's bailment claim is appropriate. That portion of the Summary Judgment Opinion at ECF No. 102 is hereby **VACATED**, and the bailment claim is reinstated for trial.

The Clerk of Court is respectfully directed to close ECF No. 107.


SO ORDERED.

Dated: December 29, 2025

New York, New York

_____
DALE E. HO
United States District Judge

5